Ricky Eugene MORROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 71219.

Court of Criminal Appeals of Texas,
En Banc.

May 31, 1995.

Rehearing Denied Sept. 17, 1995.

Keith E. Jagmin, Dallas, for appellant.

John Vance, Dist. Atty., and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

### OPINION

PER CURIAM.[1]

Appellant was convicted of capital murder pursuant to Tex.Penal Code § 19.03(a)(2). After the jury affirmatively answered the punishment issues, appellant was sentenced to death. Tex.Code Crim.Proc. art. 37.071(b). Appeal to this court is automatic. *Id.* at (h).[2] We will affirm.

### I.

In 58 different points of error, appellant complains the trial judge erred in denying his challenges for cause. *See* Tex.Code

---

1. This opinion was originally prepared by Judge Charles F. "Chuck" Campbell prior to his leaving the Court.

2. Appellant's first conviction was reversed. *Morrow v. State,* 753 S.W.2d 372 (Tex.Cr.App.1988).

Crim.Proc. art. 35.16(c)(2). In each instance appellant challenged a potential juror for cause because of a venireperson's stated belief that certain evidence was not mitigating, his stated belief that certain evidence was aggravating, or his stated belief that certain evidence may or may not be mitigating.[3] Appellant does not argue that any of these potential jurors would not consider *any* mitigating evidence. *See, Morgan v. Illinois,* 504 U.S. 719, 736, 112 S.Ct. 2222, 2234, 119 L.Ed.2d 492 (1992). A juror who will automatically vote for the death penalty in every case will fail in good faith to consider the evidence of aggravating and mitigating circumstances as the instructions require him to do. Rather appellant's challenges are to jurors' *specific* views about *specific* evidence.[4] The State responds that the weight to be given any mitigating or aggravating evidence adduced at punishment is to be determined by the individual juror.

We previously addressed this issue in *Johnson v. State* where we explained:

it is not error for a trial court to overrule a challenge for cause where it is shown that a juror will not or may not give a particular variety of "mitigating evidence" any consideration. *Cuevas v. State,* 742 S.W.2d 331 (Tex.Cr.App.1987), *cert. denied* (1988); *Cordova v. State,* 733 S.W.2d 175 (Tex.Cr.App.1988), *cert. denied* (1988).

·The United States Supreme Court has not yet mandated that jurors *must* give any amount of weight to any particular piece of evidence that might be offered in mitigation of punishment. *Cordova,* 733 S.W.2d at 189. What the Court has decided is that the factfinder must not be precluded or prohibited from considering any · relevant evidence offered in mitigation of the punishment to be assessed, or in answering the punishment question. *Cordova* [733 S.W.2d] at 189, *citing Eddings v. Oklahoma,* 455 U.S. 104, 102 S.Ct. 869, 71

L.Ed.2d 1 (1982) and *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). See also *Cuevas,* 742 S.W.2d at 345. What this means is that the factfinder must be allowed to hear the evidence and act upon it. *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

In Texas, this mitigating evidence is admissible at the punishment phase of a capital murder trial. [Tex.Code Crim.Proc. art. 37.071.] Once admitted, the jury may then give it weight, if in their individual minds it is appropriate, when answering the questions which determine sentence. *Adams,* 448 U.S. at 46, 100 S.Ct. at 2527. However, "[t]he amount of weight that the particular factfinder might give any particular piece of evidence is left to 'the range of judgment and discretion' exercised by each juror." *Cordova,* [733 S.W.2d] at 189, *quoting, Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); *Cuevas,* 742 S.W.2d at 346.

773 S.W.2d 322, 330–331 (Tex.Cr.App.1989), *affirmed, Johnson v. Texas,* 509 U.S. ——, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). This reasoning is also true for particular evidence which a potential juror believes is aggravating. The Supreme Court has recognized that much of the evidence admitted during the punishment phase of a capital trial could potentially be either mitigating *or* aggravating. *Id.* 509 U.S. at ——, 113 S.Ct. at 2669 (evidence of youth may be considered as mitigating or aggravating); *Penry,* 492 U.S. at 323, 109 S.Ct. at 2949 (mental retardation could be considered aggravating or mitigating within the Texas punishment issues).

Appellant argues that case law concerning *Penry* and its progeny stand for the proposition that certain evidence is mitigating as a matter of law. This is incorrect. These cases concern whether our punishment scheme permits a juror to give effect to certain evidence which that juror believes is

---

**3.** For example, in appellant's 46th point of error, he complains the trial court erred in denying his challenge for cause to veniremember Souders because the veniremember was unable to consider evidence of mental illness and/or organic brain damage to be mitigating.

**4.** For example, in the 16th point·of error, appellant points out, the "argument here does not go to the weight given mitigating evidence by the Juror, but to the status accorded it." Point of Error 16 is referred to and adopted in all of appellant's points on this subject, save those concerning voluntary intoxication, specifically Points 26, 51, 59, 65, 67, 71, 84, 97, and 104.

mitigating. *Johnson*, 509 U.S. at ——, 113 S.Ct. at 2669 ("We decide that there is no reasonable likelihood that the jury would have found itself foreclosed from considering the relevant aspects of [Johnson's] youth."); *Penry*, 492 U.S. at 327–328, 109 S.Ct. at 2951–2952 ("Indeed, it is precisely because the punishment should be directly related to the personal guilt/innocence of the defendant that the jury must be allowed to consider and give effect to mitigating evidence relevant to a defendant's character or record or the circumstances of the offense."); *Franklin v. Lynaugh*, 487 U.S. 164, 183, 108 S.Ct. 2320, 2332, 101 L.Ed.2d 155 (1988) (plurality opinion) ("the jury instructions or the Texas Special Issues [did not preclude] jury consideration of any relevant mitigating circumstances in this case, or otherwise unconstitutionally [limit] the jury's discretion here"); *Eddings v. Oklahoma*, 455 U.S. 104, 113–114, 102 S.Ct. 869, 876, 71 L.Ed.2d 1 (1982), held, the sentencer may not ("refuse to consider, *as a matter of law*, any relevant mitigating evidence"); *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978) (plurality opinion) ("the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.")

Appellant cites *Trevino v. State*, 815 S.W.2d 592 (Tex.Cr.App.1991), *rev'd on other grounds*, 503 U.S. 562, 112 S.Ct. 1547, 118 L.Ed.2d 193 (1992) for the proposition that youth is mitigating as a matter of law. In *Trevino*, as in this instance, certain potential jurors stated that they did not believe evidence of youth was mitigating. *Id.* 815 S.W.2d at 612–614. In *Trevino* we held the trial judge did not abuse its discretion in overruling the defendant's challenge for cause because he had failed to clearly state the law concerning mitigating evidence. We stated, "[c]learly then, the law provides that youth is a mitigating factor which must be considered." *Id.*, at 614. A more correct statement would be: youth *may* be a mitigating factor. *See, Robertson*, 871 S.W.2d at 712, n. 13. But we continued and explained that while a juror must consider the evidence, a juror does not have to give weight to that evidence. *Trevino*, 815 S.W.2d at 614.

■ Veniremembers are not challengeable for their particular views about particular evidence. Our prior decisions do not require a trial judge to inform jurors or potential jurors that certain evidence is mitigating as a matter of law. Therefore, the trial judge did not err in overruling appellant's challenges for cause because the veniremembers did not believe certain evidence was mitigating; nor did the trial judge err in overruling appellant's challenges for cause because they believed certain evidence was aggravating.[5] These fifty-eight points of error are overruled.

■ Appellant's fifth through twelfth and 109th points of error contend the trial judge erred in refusing to permit appellant to inform potential jurors that certain evidence was mitigating and must be considered as such in assessing punishment.[6] The trial judge did not err, because, as stated above, such a comment would have been an incorrect statement of the law. **Points of error five through twelve and 109 are overruled.**

---

5. In several of these points of error appellant further argues that Texas Penal Code § 8.04 provides that evidence of voluntary intoxication is mitigating as a matter of law. However, that section *only* provides that "temporary insanity caused by intoxication *may* be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried." Section 8.04 does *not* provide that evidence of voluntary intoxication is mitigating as a matter of law.

6. In points of error five through 12, appellant attempted to inform the juror that evidence of an accused's abusive upbringing, mental illness/organic brain damage, mental illness, artistic ability, good jail record, kindness and compassion towards others; alcoholism, and drug addiction, respectively, was mitigating and must be considered as such in assessing punishment. Appellant's Original Brief, pp. 116, 121, 123, 125, 127, 129, 131, and 133. Additionally, in point of error 109, appellant objected to the State informing potential jurors that "what is, or is not, to be considered mitigating is to be decided by the jury." App's Original Brief, p. 378.

## II.

In his 19th, 23rd, 30th, and 74th points of error, appellant contends the trial judge erred in overruling his challenges for cause of potential jurors who would hold the State to a burden of proof greater than beyond a reasonable doubt. The State counters that only they can challenge a juror for cause on this ground under Tex.Code Crim. Proc. art. 35.16(b)(3). This article provides that the State may challenge any potential juror who "has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment."

Appellant recognizes the State's ability to challenge potential jurors under the statute. However, he contends that in the interest of a fair trial, he, too, should be able to challenge jurors on this basis. As an analogy, appellant argues that if the State can challenge potential jurors upon law which the defendant is entitled to rely (e.g., that a juror is unable to assess the minimum punishment,) then he should be able to challenge potential jurors upon law which the State is entitled to rely.

The rationale for why the State may make challenges based upon the veniremembers ability to assess the minimum punishment was discussed in *Nethery v. State*, 692 S.W.2d 686 (Tex.Cr.App.1985). In *Nethery*, we held,

> The State's interest is in fair and impartial jurors, in accord with our legal system's basic tenet to insure that every defendant is accorded a fair and impartial trial. The State seeks, or should seek, to uphold the integrity of the jury system. Therefore, the State is permitted to challenge a juror who cannot be fair and impartial because he will not consider the full range of punishment. Whether the State later urges the jury to assess the minimum or maximum is of no moment.

*Id.* at 691. The primary duty of all prosecuting attorneys is not to convict but to see that justice is done. Tex.Code Crim.Proc. art. 2.01. This includes, at the least, the duty to see that the innocent are not convicted and, where appropriate, that the minimum punishment is assessed. *Nethery*, 692 S.W.2d at 691. However, defense attorneys do not have an identical duty; rather their duty is to provide the best possible defense for their clients.

The very complaint by appellant is illustrative of this difference. Appellant contends that he should be able to challenge a potential juror for cause because he would hold the State to a greater burden of proof than "beyond a reasonable doubt." However, this greater burden assists appellant immensely. Were we to grant appellant's argument that he could challenge these veniremembers for cause in the interest of justice, then we would essentially be permitting defense attorneys to challenge veniremembers to the detriment of their clients. This would be against the very tenets upon which our system is structured. Therefore, defendants may not challenge potential jurors for cause who are biased against the law which the State is entitled to rely under art. 35.16(b)(3). **The 19th, 23rd, 30th, and 74th points of error are overruled.**

The judgment of the trial court is affirmed.

CLINTON, J., concurs in the result.

MANSFIELD, J., joins with the following note: I join the judgment of the Court. I write solely to express my concern that appellant comes dangerously close to an abuse of our appellate system. By raising 140 points of error—many of which appear duplicative and multifarious—in 531 pages and four briefs, it appears that appellant may have concluded there is a relationship between length of an appeal and quality of same. While no one advocates a rush to justice, especially in capital cases, dilatory tactics of delay do not serve justice either and also result in waste of valuable time and scarce resources. It may be time for the Court to consider imposing a limit as to the number of points of error and the length of briefs that may be submitted on appeal of a capital case, perhaps modeled after Rule 74(h), Texas Rules of Appellate Procedure (currently applicable to civil appeals).

KELLER, J., not participating.