104 Cal.Rptr.2d 848 (2001)
87 Cal.App.4th 781
The PEOPLE, Plaintiff and Respondent,
v.
Michael GRAY, Defendant and Appellant.
No. B142928.
Court of Appeal, Second District, Division Six.
March 7, 2001.
As Modified on Denial of Rehearing April 3, 2001.
*849 Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Brad D. Levenson, Deputy Attorney General, for Plaintiff and Respondent.
PERREN, J.
A prosecutor exercises peremptory challenges excusing the only three African-American males in the venire. Defendant's motion to compel the prosecution to justify these challenges is denied by the trial judge who rules that African-American males do not constitute a cognizable class for purposes of Wheeler.[1] The trial judge also refuses to permit the prosecutor to respond to the defense motion. The court erred in both of these rulings. Here we hold that African-American males are a cognizable class under Wheeler.
Michael Gray appeals from his conviction after jury trial for burglary. (Pen. Code, § 459.)[2] The jury found true the allegations that he has three prior serious felony convictions and that he served a prior felony prison term. (§§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12, subds. (a)(d).) The court sentenced Gray to prison for 26 years to life. In addition to his Wheeler claim, Gray contends the court *850 abused its discretion by refusing to strike priors under Romero[3] or declaring the instant offense to be a misdemeanor under section 17, subdivision (b).[4]
The court's Wheeler error is reversible per se.[5] Accordingly, we reverse and do not consider Gray's other contentions.

FACTS
After police responded to a call from an alarm company of a burglary in progress at a business, the owner discovered that a window was broken and that an old television set was missing. Someone had trampled on muddy vegetation outside the window. Police saw Gray walking out of the business complex carrying a square silver box. The police arrested Gray, who had mud on his shoes. The owner identified the television Gray had been carrying as the one taken from the business.

DISCUSSION
"`It is well settled that the use of peremptory challenges to remove prospective jurors solely on the basis of a presumed group bias based on membership in a racial group violates both the state and federal Constitutions.'" (People v. Box (2000) 23 Cal.4th 1153, 1187, 99 Cal. Rptr.2d 69, 5 P.3d 130, quoting People v. Turner (1994) 8 Cal.4th 137, 164, 32 Cal. Rptr.2d 762, 878 P.2d 521, citing People v. Wheeler, supra, 22 Cal.3d at pp. 276-277, 148 Cal.Rptr. 890, 583 P.2d 748; Batson v. Kentucky (1986) 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69; accord, Trevino v. Texas (1992) 503 U.S. 562, 112 S.Ct. 1547, 118 L.Ed.2d 193; Cal. Const, art. I, § 16.) A defendant "is constitutionally entitled to a petit jury that is as near an approximation of the ideal cross-section of the community as the process of random draw permits...." (Wheeler, supra, at p. 277, 148 Cal.Rptr. 890, 583 P.2d 748.) Nonetheless, there is a rebuttable presumption that the prosecution uses its peremptory challenges in a constitutional manner. (Turner, supra, at p. 165, 32 Cal.Rptr.2d 762, 878 P.2d 521.)
Therefore, under Wheeler and Batson, "`"[I]f a party believes his opponent is using his peremptory challenges to strike jurors on the ground of group bias alone, he must raise the point in timely fashion and make a prima facie case of such discrimination to the satisfaction of the court. First, ... he should make as complete a record of the circumstances as is feasible. Second, he must establish that the persons excluded are members of a cognizable group within the meaning of the representative cross-section rule. Third, from all the circumstances of the case he must show a strong likelihood [or reasonable inference] that such persons are being challenged because of their group association...."'" (People v. Box, supra, 23 Cal.4th at pp. 1187-1188, 99 Cal.Rptr.2d 69, 5 P.3d 130, citing cases.) Such a showing constitutes a prima facie case of group bias on voir dire. "Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." (Batson v. Kentucky, supra, 476 U.S. at p. 80,106 S.Ct. 1712.)
"`When a trial court denies a Wheeler motion because it finds no prima facie case of group bias was established, the reviewing court considers the entire record of voir dire.' [Citation.] `If the *851 record "suggests grounds upon which the prosecutor might reasonably have challenged" the jurors in question, we affirm.' [Citations.]" (People v. Box, supra, 23 Cal.4th at p. 1188, 99 Cal.Rptr.2d 69, 5 P.3d 130.)
In the instant matter, defense counsel stated, "... I have to make a Wheeler motion at this point because I believe that all the black malesmy client is a black male and the prosecution has kicked all the black males that have come on to the panel."
The court responded by stating, "[M]y understanding of the law is African-Americans are a suspect classification, males are, but there's no such thing as a male black or male Hispanic. So are you requesting the Wheeler [sic] motion that he [the prosecutor] is excluding African-Americans or males or both separate?"
Defense counsel reiterated that the class at issue is African-American males. The court again questioned whether African-American males constitute a cognizable classification.
Defense counsel explained that "the reason for my challenge is that those were the only three African-American males on the panel and all three were kicked by the prosecutor and as toespecially as to juror 9094, I can't see any reason why he would have been kicked." Counsel noted that the son-in-law of juror 9094 was a Los Angeles Police Department officer and that juror 9094 had no criminal background. Defense counsel said there was "nothing that I can see at least outwardly aside from his race [that] would be detrimental to have him on the jury for the People." No one refuted these statements.
The court immediately responded, "Okay. The Wheeler motion is denied. I don't think you've made a prim[a] facie case for the following reasons. I don't think female Hispanic or female white or black African-American [sic] are categories that you can lump together an[d] analyze as to whether one side or the other is making a [systematic] exclusion based on that. Clearly race and sex is [sic] recognizable in other things. Lifestyle has been recently recognized by the Supreme Court or Court of Appeal up north. [¶] But as far as African-American goes, the prosecutor excluded two blacks out of the first six and then accepted with two blacks and continued to accept, although the defense kicked off a black female. And then the last two were African-Americans that were excluded. But that is four of the 11, and considering the People passed a lot of times with two African-Americans on the panel doesn't lead me to believe that they're excluding blacks. They are just excluding these last two African-Americans because they didn't like those two. I don't think it has anything to do with race. [¶] As far as males go, they have excusedI think four out of the 11 have been females. I don't see any pattern that he is excluding males so that means there are more males than females excluded, but that doesn't necessarily mean that he is excluding males. There were some males on the panel that have been accepted by the prosecutor. Juror 2305 has been here since the beginning and No. 8, juror 8823. So I don't find that they are systematically excluding African-Americans or males. [¶] Even if I were to buy your argument, which I don't think is legally correct, there is no evidence of a pattern of excluding African-American males that I see that the People have exercised. So considering all your arguments, I don't find there's been a prim[a] facie case."
The prosecutor attempted to make a record to explain why he excluded all three African-American males from the potential panel. The court refused to let him do so. Said the court, "Well, I am not asking you at all to respond to the allegation. The law seems to indicate if I make any sort of inquiries as to why you are making exclusions, then I'm implicitly finding a prim[a] facie case. So are the comments designed as to the statistics as to who's on the panel *852 and who is not or is it the basis for why you excused people?"
The prosecutor answered that the defense did not make a prima facie case, and he claimed he could explain why his challenges were justified. The court responded by saying, "Well, you can certainly make the first argument. I don't think it's appropriate to make the second argument. I already found there wasn't a prim[a] facie case. If I missed some observations as to that, you can discuss that."
The prosecutor explained that of the eight potential African-American jurors, two were excused by the defense, four by the prosecution, and two remained on the panel when the Wheeler motion was made. But, a prima facie case of discrimination may be made even though members of the cognizable suspect class remain on the jury. (People v. Snow (1987) 44 Cal.3d 216, 225-226, 242 Cal.Rptr. 477, 746 P.2d 452; People v. Motion (1985) 39 Cal.3d 596, 603, 607-608, 217 Cal.Rptr. 416, 704 P.2d 176; People v. Granillo, supra, 197 Cal.App.3d at p. 121, 242 Cal.Rptr. 639.) "Although the passing of certain jurors may be an indication of the prosecutor's good faith ..., and may be an appropriate factor for the trial judge to consider in ruling on a Wheeler objection, it is not a conclusive factor." (Snow, supra, at p. 225, 242 Cal.Rptr. 477, 746 P.2d 452.) The prosecutor argued that "of the three ... African-American males that I have kicked, two have been arrested, expressed a negative experience with the police."
Before the prosecutor could explain why he dismissed juror 9094, the court said, "We don't need to go any further on that. [¶] What other comments do you have, Mr. Smith [defense counsel]?
"Mr. Smith: That's it, your Honor."
The prosecutor again tried to make a record. He asked, "[M]ay I just make a record as to why I kicked juror 9094 in case it becomes an appellate issue?"
The court told him, "No. See, if I ask you why you did, then I'm implicitly finding that the People have made a prim[a] facie case. I don't think legally they have so no, you cannot do that."
The prosecutor responded, "Well, I think the law says we can attack both issues at once and the court can make a finding on both issues."
Said the court, "Well, guess what? I'm the judge and I don't think that's the law so your request is denied."
The trial judge was incorrect about the law. Our Supreme Court has explained that "[w]hen a trial judge expressly rules that a prima facie case was not made, and then for purposes of completing the record in case the court on appeal disagrees with this conclusion, asks the prosecutor for his or her justifications, the issue of whether a prima facie case was made is not moot." (People v. Davenport (1995) 11 Cal.4th 1171, 1200, 47 Cal. Rptr.2d 800, 906 P.2d 1068, citing People v. Turner, supra, 8 Cal.4th at pp. 166-167, 32 Cal.Rptr.2d 762, 878 P.2d 521; and see People v. Welch (1999) 20 Cal.4th 701, 746, 85 Cal.Rptr.2d 203, 976 P.2d 754.) The court "should not `blind itself to everything except defense counsel's presentation.'" (Davenport, supra, at p. 1201, 47 Cal. Rptr.2d 800, 906 P.2d 1068.) Even when it appears to the trial court that the defense has failed to present a prima facie case of prosecutor bias in selection of the jury, the court should hear the prosecutor's explanation for excusing the jurors in question. By permitting the prosecutor to make a record, the trial court enables the Court of Appeal to determine whether the prosecutor possessed any legitimate, non-suspect reasons for excusing the jurors in question whenever the defense purports to present a prima facie case of discriminatory use of peremptory challenges.
"Blacks, of course, are a cognizable group for purposes of ... Wheeler.... In addition, Black women are a cognizable subgroup for Wheeler." (People v. Clair (1992) 2 Cal.4th 629, 652, 7 Cal.Rptr.2d 564, 828 P.2d 705; People v. Motion, supra, *853 39 Cal.3d at pp. 605-606, 217 Cal. Rptr. 416, 704 P.2d 176; accord, People v. Garceau (1993) 6 Cal.4th 140, 24 Cal. Rptr.2d 664, 862 P.2d 664 [Spanish-surnamed women are also a cognizable, suspect class].) Our Supreme Court explained that "`[w]here Blacks comprise a significant portion of the population ...  black women are a vital part of that "ideal cross-section of the community" that should be represented on jury panels. [Citation.] They share "a common perspective arising from their life experience" and their participation on a jury "... enhance[s] the likelihood that the jury will be representative of significant community attitudes...." [Citation.]'" (Motion, supra, at pp. 605-606, 217 Cal.Rptr. 416, 704 P.2d 176, fn. omitted.)
"`... "[T]he exclusion from jury service of a substantial and identifiable class of citizens has a potential impact that is too subtle and too pervasive to admit of confinement to particular issues or particular cases ... when any large and identifiable segment of the community is excluded from jury service, the effect is to remove from the jury room qualities of human nature and varieties of human experience, the range of which is unknown and perhaps unknowable.... We are simply not in a position to make fine judgments as to the fungibility of identifiable segments of the community."'" (People v. Motton, supra, 39 Cal.3d at p. 606, 217 Cal.Rptr. 416, 704 P.2d 176, fn. omitted, italics in Motton.)
But, defense counsel may not establish a prima facie case of Wheeler error simply by stating that all members of a cognizable class have been excluded. (People v. Box, supra, 23 Cal.4th at pp. 1188-1189, 99 Cal.Rptr.2d 69, 5 P.3d 130; and see People v. Davenport, supra, 11 Cal.4th at p. 1201, 47 Cal.Rptr.2d 800, 906 P.2d 1068; People v. Turner, supra, 8 Cal.4th at pp. 167-168, 32 Cal.Rptr.2d 762, 878 P.2d 521; People v. Rousseau (1982) 129 Cal.App.3d 526, 536, 179 Cal.Rptr. 892.) In this case, however, defense counsel made a prima facie case of discrimination on voir dire by showing there was no apparent, legitimate reason to excuse juror 9094. (Box, supra, at pp. 1187-1188, 99 Cal.Rptr.2d 69, 5 P.3d 130.)
The record supports the showing made by defense counsel. The record reflects legitimate reasons for the exercise of peremptory challenges to exclude two of the three African-American males. The first had been shot in the head and felt provoked by a police officer during an arrest. On another occasion that potential juror had been jailed for an open container violation that he claimed he did not commit. He went to jail on yet another occasion, as well. His brothers were in jail at the time of this trial. (People v. Douglas (1995) 36 Cal.App.4th 1681, 1690, 43 Cal. Rptr.2d 129 [permissible to exclude jurors whose relatives and/or family members have had negative experiences with the criminal justice system].) The second African-American male juror had been arrested for possession of a knife, but he was released from jail on his own recognizance. He believed that his case had been dismissed because he drew the knife in self-defense. And, he said that the police had not mistreated him.
The only other African-American male had no criminal record and his son-in-law was a police officer. Ten years earlier his bicycle was stolen from his garage, the police made a report about it, but it was never recovered. There is no showing or record of a legitimate, non-suspect reason to dismiss this potential African-American male juror.
"`[W]hen a trial court denies a Wheeler motion without finding a prima facie case of group bias the reviewing court considers the entire record of voir dire. [Citations.] As with other findings of fact, we examine the record for evidence to support the trial court's ruling. Because Wheeler motions call upon trial judges' personal observations, we view their rulings with "considerable deference" on appeal. [Citations.] If the record "suggests grounds upon which the prosecutor might reasonably have challenged" *854 the jurors in question, we affirm. [Citation.]'" (People v. Mayfield (1997) 14 Cal.4th 668, 723, 60 Cal.Rptr.2d 1, 928 P.2d 485, quoting People v. Howard (1992) 1 Cal.4th 1132, 1155, 5 Cal.Rptr.2d 268, 824 P.2d 1315.)
In summary, defense counsel timely' raised the Wheeler motion, created as complete a record as he could, established that the prosecutor excluded every African-American male examined on voir dire, and stated facts showing there was no apparent reason to exclude at least one of the three potential jurors other than his status as an African-American male. Despite this showing, the court categorically ruled that African-American men do not constitute a cognizable class under Wheeler. Although we give great deference to trial courts when they distinguish bona fide reasons for exclusions from sham ones, and jurors may be excused based on hunches, exclusions may not be based on improper group bias. (People v. Turner, supra, 8 Cal.4th at p. 165, 32 Cal.Rptr.2d 762, 878 P.2d 521.) The trial court precluded the prosecution from explaining why he excluded every African-American male juror from hearing Gray's case. (People v. Motton, supra, 39 Cal.3d at p. 608, 217 Cal.Rptr. 416, 704 P.2d 176.)
Accordingly, the judgment is reversed.
GILBERT, P.J., and COFFEE, J., concur.
NOTES
[1] People v. Wheeler (1978) 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748.
[2] All statutory references are to the Penal Code unless otherwise stated.
[3] People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628.
[4] People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 60 Cal.Rptr.2d 93, 928 P.2d 1171.
[5] (People v. Harris (1984) 36 Cal.3d 36, 59, 201 Cal.Rptr. 782, 679 P.2d 433, overruled on other grounds in People v. Melton (1988) 44 Cal.3d 713, 765-766, fn. 26, 244 Cal.Rptr. 867, 750 P.2d 741; People v. Wheeler, supra, 22 Cal.3d at p. 283, 148 Cal.Rptr. 890, 583 P.2d 748; People v. Granillo (1987) 197 Cal. App.3d 110, 123, 242 Cal.Rptr. 639; People v. Moss (1986) 188 Cal.App.3d 268, 277, 233 Cal.Rptr. 153.)