Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JOSE HERRERA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-05-00289-CR


Appeal from the


409th District Court


of El Paso County, Texas


(TC# 20040D00305)


O P I N I O N



 This is an appeal from a jury conviction for the offense of driving while intoxicated third,
enhanced by the allegation of two prior felony convictions. The jury assessed punishment at fifteen
years' imprisonment and a fine of $5,000. We affirm.

I. SUMMARY OF THE EVIDENCE


 This case centers around an accident that occurred at the intersection of Artcraft and Upper
Valley Roads in El Paso, Texas on September 15, 2003. Jennifer Dobbin was stopped at a red light
at that intersection when she heard a crashing sound behind her. She looked behind her and
surmised that a white truck had struck the vehicle directly behind her. She parked her car and exited
her vehicle. She saw the driver of the white truck pushing his truck, and she noticed that his pant
leg was wet.

 Officer Graciano Rios of the El Paso Police Department testified that he came upon the white
truck and the vehicle that was rear-ended, a red truck. He interviewed Dobbin; Sal Ferrales, who
was the driver of the red truck; and Appellant, the driver of the white truck. Officer Rios testified
that Appellant had bloodshot eyes, slurred speech, and a strong odor of alcohol about his person. 
Officer Rios administered various field-sobriety tests, which Appellant failed. The officer
determined that Appellant was impaired and placed him under arrest. Appellant was taken to the
police station, where he gave two breath specimens that showed his blood-alcohol concentration to
be .19 and .199.

 Trial commenced on July 15, 2005. Appellant pled not guilty and pled not true to the
enhancement paragraphs. The jury returned a verdict of guilty and true to the enhancement
paragraphs and assessed punishment at fifteen years' imprisonment and a fine of $5,000.

II. DISCUSSION


 In Issue No. One, Appellant contends that he was insufficiently linked to the two prior
driving-while-intoxicated offenses alleged in the indictment. A person commits the offense of
driving while intoxicated, if he is intoxicated while operating a motor vehicle in a public place. Tex.
Penal Code Ann. § 49.04(a) (Vernon 2003). Though the offense is generally a class B
misdemeanor, id. at § 49.04(b), it becomes a felony of the third degree "[i]f it is shown . . . that the
person has previously been convicted . . . two times of any other offense relating to the operating of
a motor vehicle while intoxicated . . . ." Id. at § 49.09(b)(2) (Vernon Supp. 2006). In other words,
the statute permits the enhancement of the charge to a felony, if the accused was twice before finally
convicted of DWI. The two prior convictions must be demonstrated in order for the district court
to have felony jurisdiction over the case. Tamez v. State, 11 S.W.3d 198, 201 (Tex. Crim. App.
2000).

 In the present case, the indictment alleged two prior DWI convictions: (1) a DWI offense
that occurred on January 29, 1993, in El Paso County, Texas, in cause number 920C19667, and (2)
a DWI offense that occurred on July 1, 1998, in Doña Ana County, New Mexico, in cause number
098-001530. At trial, the State offered into evidence State's Exhibit 1, which was a certified
judgment for the 1993 DWI conviction in El Paso County. State's Exhibit 3 was a certified copy of
Appellant's New Mexico driver's license record, which contained two photographs. State's Exhibit
4 was a certified copy of the complaint, plea papers, and judgment for Appellant's 1998 DWI
conviction in Doña Ana County. There was no fingerprint on that judgment. The court sustained
Appellant's objection to relevancy.

 The State called Baldemar Gandara to the stand. He testified that he was a fingerprint expert. 
Gandara testified that he took Appellant's fingerprints earlier and the prints were contained in State's
Exhibit 2. He compared those prints with the print on the certified copy of the 1993 judgment. 
Gandara testified that the prints matched in the two exhibits.

 During cross-examination, Gandara stated it was Appellant's right index finger that was on
the 1993 judgment. The witness testified at length about the process he used to compare the
fingerprints. He stated that he also looked at prints on a probation form, that is not in evidence,
under the same cause number as the 1993 judgment. He explained that his was done to re-verify his
comparison of the print on the judgment.

 The State could prove the prior convictions by offering certified copies of the judgments and
sentences, along with independent evidence showing that Appellant was the same person named in
the previous convictions. See Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Such
independent evidence could include expert testimony matching Appellant's fingerprints to the
fingerprints on the judgments, testimony of a witness who knew Appellant and knew of the prior
convictions, or a judicial stipulation. Id. at 209-10; Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.
--San Antonio 1998, pet. ref'd). It could also include photographs of the convicted individual for
comparison with Appellant or identification information such as name, gender, height, eye color, hair
color, and date of birth. Williams v. State, 946 S.W.2d 886, 895 (Tex. App.--Waco 1997, no pet.). 
Furthermore, identity in one conviction may be proved by connecting it to information contained in
another prior conviction which has been proven through fingerprint testimony. Littles v. State, 726
S.W.2d 26, 32 (Tex. Crim. App. 1984) (op. on reh'g).

 A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion
standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). An
appellate court will not reverse a trial court's ruling, unless that ruling falls outside the zone of
reasonable disagreement. Id.

 Appellant maintains that Gandara's testimony is insufficient to link him to the 1993
conviction, because the witness utilized the probation papers to make his comparison. However,
Gandara testified that he used those prints to re-verify the conclusion that Appellant was the
individual convicted in the 1993 judgment. After that, the jury could observe a number of
connections between the two judgments. The two judgments contain identical social security
numbers and dates of birth. We find that the two judgments were sufficiently connected to
Appellant. See Littles, 726 S.W.2d at 32. Issue No. One is overruled.

 In Issue No. Two, Appellant asserts that the court erred in limiting his voir dire by
disallowing the questioning of the panel regarding the Breathalyzer and their ability to consider all
the evidence. At trial, the following exchange occurred during Appellant's portion of the voir dire
proceeding:

 VENIREPERSON: Juror Number 12. A point of clarification. You're asking, if
they fail a blood test and breathalyzer, or are you saying that the officer was correct? 
Maybe I'm misunderstanding your question.


 DEFENSE: Well, let me--let me clarify it a little bit better. You're going to hear
the testimony. And like I said, we can't get into specific facts. But you are going to
weigh the credibility of the evidence. You're going to hear the testimony, and you're
going to make a determination based on what you hear, what you believe. Now, a
case may involve somebody coming in and saying, "He blew a .2 on the
breathalyzer." But is there anyone that if--the only testimony you will consider, if
you hear that the result of the breathalyzer was above .08, you're going to write down
guilty; you're not going to consider anything else?

 

 STATE: Your Honor, I'm going to object at this point that Defense counsel is
contracting with the jury, giving specific facts and asking them--

 

 COURT: Sustained.


 DEFENSE: And, Your Honor, for the record, it's an example in regards to what
their feelings are in regards to the breathalyzer, and I was going to clarify it by going
into the fact that they, too, must weigh the credibility of the machine and consider the
evidence that's presented in regards to the maintenance, the operation, the procedures
that were followed when the test is offered to an individual. And my question was
dealing directly with the fact that if the result was .08 or over, they would find guilty
and not consider anything else. I feel that for the purpose of qualifications to serve
as a juror and for purposes of my consideration in exercising my peremptory strikes,
that I need to ask that question.

 

 COURT: I've made my ruling. Sustained.


Defense counsel then moved on to another matter of inquiry involving punishment.

 We review a challenge to the trial court's limitation on voir dire examination under an abuse
of discretion standard. See Howard v. State, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996). The trial
court has wide discretion in controlling the voir dire examination and may impose reasonable
restrictions on the process. See Allridge v. State, 850 S.W.2d 471, 479 (Tex. Crim. App. 1991); see
also Caldwell v. State, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991). To ascertain the views of the
veniremen on issues pertinent to a fair determination of the case, the Court of Criminal Appeals
permits the use of hypothetical fact situations to help explain the application of the law. See Maddux
v. State, 862 S.W.2d 590, 591-92 (Tex. Crim. App. 1993). If the question is proper, an answer
denied prevents intelligent use of the peremptory challenge. See Mathis v. State, 576 S.W.2d 835,
837 (Tex. Crim. App. 1979). It is improper, however, to use a hypothetical question to commit
veniremen to a specific set of facts. See Sadler v. State, 977 S.W.2d 140, 142-43 (Tex. Crim. App.
1998).

 Where a question is precluded because of improper form, but there is not an absolute
limitation placed upon the underlying substance of a defendant's voir dire question, it is incumbent
upon defense counsel to rephrase the improperly-phrased question or waive the voir dire restriction.
Trevino v. State, 815 S.W.2d 592, 601 (Tex. Crim. App. 1991), rev'd on other grounds sub nom.,
Trevino v. Texas, 503 U.S. 562, 112 S. Ct. 1547 (1992).

 Here, Appellant made no attempt to ascertain the basis of the trial court's ruling, and he did
not attempt to rephrase the question. The court did not prevent Appellant from making more general
inquiries regarding the subject; the court merely reaffirmed its prior ruling. We find that Appellant
has waived his contention on appeal. See Wright v. State, 28 S.W.3d 526, 534 (Tex. Crim. App.
2000), cert. denied, 531 U.S. 1128, 121 S. Ct. 885 (2001). Issue No. Two is overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

May 31, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)