

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00196-CR

———————————————

CLINTON DWAYNE SANDEL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13935

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

Appellant Clinton Dwayne Sandel appeals his conviction for failing to stop and render aid.  *See* Tex. Transp. Code Ann. § 550.021.  A jury convicted him of the offense and assessed his punishment at two years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine.  The trial court sentenced Appellant accordingly.

In a single issue, Appellant contends that the trial court erred by sustaining an objection to a voir dire question asked by his trial counsel.  We hold that Appellant failed to preserve error because he failed to make clear to the trial court the limited nature of the question that he had allegedly wanted to ask and that is the predicate for his claim on appeal.  We therefore affirm the trial court's judgment.

## II.  Factual and procedural background

Appellant was indicted for

> intentionally or knowingly driv[ing] a vehicle which became involved in an accident resulting in death to [the decedent], and the said defendant did thereafter, knowing said accident had occurred, intentionally or knowingly leave the scene of said accident, without giving his name and address to any person, and without rendering reasonable assistance to [the decedent] when it was apparent that [the decedent] was in need of medical treatment[.]

The State qualified the venire on a legislative amendment to the elements of the offense that Appellant was indicted for.  A 2013 amendment to the elements of the offense provided that "[t]he operator of a vehicle involved in an accident that results

2

or is reasonably likely to result in injury to or death of a person shall: . . . (3) *immediately determine whether a person is involved in the accident, and if a person is involved in the accident, whether that person requires aid.*" *Id.* § 550.021(a)(3) (emphasis added). The State gave the following explanation for the change in the statute:

> [W]hat do you think a lot of people were doing when they were charged with this crime? Claiming that I didn't know somebody was involved in the accident. I didn't know I hit a person. Right? Well, the legislature got wise to that and they changed the law [by adding the language from the statute that is quoted above].

The voir dire conducted by Appellant's trial counsel mostly asked whether prospective jurors could consider probation even if Appellant were found guilty of the offense beyond a reasonable doubt. Most of the questions were asked without objection. At certain points during the defense's voir dire, the State asked for a bench conference, but none of the bench conferences were transcribed. Late in the defense's voir dire, Appellant's counsel switched to questions that involved the elements of the offense. These questions appeared to question the jury about their feelings on the portion of the statute that imposed the duty to determine whether a person had been involved in an accident. We quote the entirety of the relevant portion of the examination because it is impossible to follow the confused state of the questioning without its context. Generally speaking though, Appellant's trial counsel asked questions first on ignorance of the law and later as if the 2013 amendment never occurred, and although the bases of the State's objections are not stated on the record, presumably the State was arguing that Appellant's trial counsel was asking the

3

venire to commit to defenses that were not legally valid.  We highlight the questions

to which an objection was made and the trial court's rulings on the objections:

> [DEFENSE COUNSEL]:  Okay.  Is there anybody here who feels that just because you've been in an accident and somebody died that that's a crime?
>
> (No audible response.)
>
> [DEFENSE COUNSEL]:  Anybody?  If you found all the elements of the offense, then that would be a crime, but if you didn't and you have a reasonable doubt, you would have to find the Defendant not guilty.
>
> Now, my question to you is could you consider a claim, if you will, that the Defendant did not knowingly stop and render aid?  That's part -- part of what you have to do.
>
> Anybody here who feels you can't do that?
>
> [UNIDENTIFIED] VENIREPERSON:  I'm confused when you said --
>
> [UNIDENTIFIED] VENIREPERSON:  What did you say?
>
> *[DEFENSE COUNSEL]:  My question is could you consider whether or not the Defendant in this case is guilty because he didn't stop and render aid because he didn't know he was supposed to?  The law will -- the judge will give you the law.*
>
> *[PROSECUTOR]:  May we approach, Your Honor?*
>
> *(At the bench, off the record.)*
>
> *[PROSECUTOR]:  I object, Your Honor.*
>
> *THE COURT:  Sustained.*
>
> *[DEFENSE COUNSEL]:  Could you consider the factors -- the accident, the whole -- all the factors, the lighting, the -- the -- the situation that was happening that, you know, somebody didn't realize that they hit a -- hit a person?*

4

*[PROSECUTOR]: I object, Your Honor.*

THE COURT: Sustained.

[DEFENSE COUNSEL]: All right. Could you consider all the factors and the circumstances in this case to determine whether or not you could find the Defendant guilty of this offense?

(No audible response.)

[DEFENSE COUNSEL]: Could you do that? Anybody who couldn't?

(No audible response.)

[DEFENSE COUNSEL]: Anybody who could?

[VENIREPERSON MR. J.]: I'm so confused.

[VENIREPERSON MS. W.]: I'm going to throw a quote that my father has told me for my whole life: Ignorance of the law is no excuse.

[DEFENSE COUNSEL]: Well, that --

[VENIREPERSON MS. W.]: So that's what I think of whenever I think of those things is just because you're not aware of the law does not mean that you -- that it does not pertain to you.

[DEFENSE COUNSEL]: So, in other words, if the State failed to prove their mental -- the mental part of the crime that you would still find him guilty?

[VENIREPERSON MS. W.]: I thought that you were referring to what your client -- I thought you had said that somebody didn't realize they were supposed to render aid, but not knowing is not an excuse. That's what I thought I was answering, so I may have been mistaken.

*[DEFENSE COUNSEL]: Well, what I'm asking is if the Defendant did not realize that he had had an accident, did not realize --*

5

*[PROSECUTOR]: I object, Your Honor.*

*THE COURT: Sustained.*

*[DEFENSE COUNSEL]: Okay.*

*[VENIREPERSON MS. W.]: I'm not sure how to answer.*

*[DEFENSE COUNSEL]: Yes, sir?*

*[VENIREPERSON MR. D.]: If he didn't realize he had an accident, that's obvious that, you know, he would be under the influence or something like that.*

*[DEFENSE COUNSEL]: No, he wasn't.*

*[VENIREPERSON MR. D.]: How do you not know you hit something?*

*[DEFENSE COUNSEL]: Well, he knew he hit something but he didn't know he hit a person.*

*[VENIREPERSON MR. D.]: So would you --*

*[PROSECUTOR]: Your Honor, I --*

*THE COURT: Let me see the lawyers up here.*

(At the bench, off the record.) [Emphasis added.]

After the last bench conference, Appellant's counsel ended his voir dire without asking any further questions.

### III. Analysis

### A. Standard of review and preservation of error in the context of voir dire

"We review the trial court's limitation of the voir dire process for an abuse of the trial court's broad discretion to impose reasonable restrictions on the voir dire

6

process." *Wilson v. State*, No. 02-17-00280-CR, 2018 WL 6215889, at *7 (Tex. App.—

Fort Worth Nov. 29, 2018, no pet.) (mem. op., not designated for publication) (citing

*Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012)). "An abuse of

discretion occurs when a proper question about a proper area of inquiry is

prohibited . . . ." *Sandoval v. State*, 571 S.W.3d 392, 397 (Tex. App.—Houston [1st

Dist.] 2019, no pet.) (citing *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002),

and *Atkins v. State*, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997)).

In voir dire, counsel must be proactive in establishing why the questions he

seeks to ask are proper because "[w]here the trial court placed no absolute limitation

on the substance of a defendant's voir dire question, but merely limited a question due

to its form, defense counsel must rephrase the question or risk waiving the voir dire

restriction." *Wilson*, 2018 WL 6215889, at *7 (citing *Hernandez*, 390 S.W.3d at 315).

Recently, the El Paso Court of Appeals catalogued the cases holding that the failure to

rephrase an improperly worded question forfeits any claim of error:

> The trial court has the discretion to require improperly phrased questions to be properly reworded; failing to do so forfeits any claimed error. *Wright v. State*, 28 S.W.3d 526, 534 (Tex. Crim. App. 2000) ("Although appellant is authorized to ask proper questions in a particular area of inquiry, he is not entitled to ask questions in any particular form. Because appellant did not follow through on this topic, we cannot say that the trial court improperly restricted his voir dire of this venire member."); *Howard[ v. State]*, 941 S.W.2d [102,] 110–11 [(Tex. Crim. App. 1996) (op. on reh'g)] (where there is no absolute limitation placed on the underlying substance of a defendant's voir dire question, it is incumbent upon defense counsel to rephrase the improperly phrased query or waive the voir dire restriction)[, *overruled in part on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014)]; *Trevino v. State*, 815 S.W.2d 592,

7

600–01 (Tex. Crim. App. 1991), *rev'd on other grounds*, 503 U.S. 562, 112 S. Ct. 1547, 118 L.Ed.2d 193 (1992) (no error in restriction on voir dire pertaining to single question that could have been easily reworded); *Moncada v. State*, 960 S.W.2d 734, 737 (Tex. App.—El Paso 1997, pet. ref'd) (same).

*Gonzalez v. State*, No. 08-14-00293-CR, 2019 WL 1553583, at *14 (Tex. App.—El Paso Apr. 10, 2019, pet. filed) (not designated for publication).

As discussed below, it is improper to ask jurors to commit to what weight they will accord particular testimony. To preserve error during the often confusing process of determining whether a question improperly requires such a commitment, counsel must make clear why the question being asked is proper:

> Whether an individual question posed to a panel of potential jurors focuses on bias or prejudice, or is a preview of evidence, is sometimes difficult to discern from the trial's transcript. [*Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006).] Generally, the "trial judge is in a better position to evaluate the reasonableness of both aspects—the question and the answer." *Id.* "When the trial court determines that a proffered question's substance is confusing or seeks to elicit a pre-commitment from the jury, counsel should propose a different question or specific area of inquiry to preserve error on the desired line of inquiry; absent such an effort, the trial court is not required to formulate the question." *Id.* at 758.

*In re Commitment of Barbee*, 192 S.W.3d 835, 846 (Tex. App.—Beaumont 2006, no pet.).[1]

---

[1]We cite to a civil case because of the overlap in standards in civil and criminal cases on issues involving voir dire. *See Harrison v. State*, No. 09-11-00031-CV, 2011 WL 3925705, at *1 n.1 (Tex. App.—Beaumont Aug. 25, 2011, pet. denied) (mem. op., not designated for publication).

**B. Limitations on the ability to ask the venire panel how it will respond to specific evidence**

Much time is spent examining the propriety of asking the venire commitment questions, i.e., questions that ask "a venireman to promise that he will base his verdict or course of action on some specific set of facts before he has heard any evidence, much less all of the evidence in its proper context." *Sandoval*, 571 S.W.3d at 397 (quoting *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005)).

Certain classes of commitment questions are proper and others are not; the Texas Court of Criminal Appeals has established a three-part test to distinguish between the two:

- First, the trial court must determine whether a particular question is in fact a commitment question. *Id.* (citing *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001)).

- Second, if it is a commitment question, then the court must decide whether it is nevertheless a proper commitment question. *See id.* (citing *Standefer*, 59 S.W.3d at 181). To determine whether the question is a proper commitment question, the court first inquires whether one of the possible answers to the question gives rise to a valid challenge for cause. *See id.* (citing *Standefer*, 59 S.W.3d at 181–82). If it does not, then the question is not proper and should be disallowed by the trial court. *See id.* at 397–98.

- Third, if the commitment question gives rise to a valid challenge for cause, then the trial court must determine whether the question contains only those facts necessary to test whether a prospective juror is challengeable for cause. *See id.* at 398 (citing *Standefer*, 59 S.W.3d at 182).

### C. Appellant has failed to preserve error

Appellant's brief concedes that "defense voir dire is not an example of clarity." We agree. As we construe Appellant's argument, he tries to isolate as error a fragment of a question ("I'm asking . . . if the Defendant did not realize that he had had an accident . . . .") to which the trial court sustained an objection. In doing so, he ignores the confused context in which the question was asked and the fact that the question appeared that it might be swerving off into a topic to which the trial court had already sustained an objection. When the venire responded to the fragment of the question he asked, Appellant's trial counsel tried to rephrase the question and asked the same question to which an objection had been sustained. If counsel was trying to ask the narrow question that Appellant's brief contends he was trying to ask, counsel never made that point to the trial court, and we hold that the alleged error was not preserved.

As set forth above, the State qualified the jury on the recent statutory amendment to the offense that imposed a duty on a person involved in an accident to "immediately determine whether a person is involved in the accident." *See* Tex. Transp. Code Ann. § 550.021(a)(3). As we have noted, Appellant's counsel attempted to commit the venire on whether they would consider if Appellant knew that he had hit a person. The State argues in its brief that Appellant's question is an improper commitment question. Specifically, the State argues that the question is improper on the basis that it would not give rise to a valid challenge for cause because the offense

10

is not predicated on knowing that a person was struck but on the failure to stop and determine whether a person was struck. We agree that the question would not give rise to a valid challenge for cause, and Appellant does not contend that this argument is in error.

Instead, Appellant appears to argue that his trial counsel worked in a proper question between the improper commitment questions and that the trial court erred by sustaining an objection to the proper question. Appellant focuses on the question fragment: "Well, what I'm asking is if the Defendant did not realize that he had had an accident, did not realize --" to which the trial court sustained the State's objection. Appellant contends that this question was proper because "[i]f a juror answered, 'I do not care if the defendant knew he was in an accident or not, I would find him guilty' it might give rise to a challenge for cause as a demonstration of bias."

If this were the limited question that counsel was trying to ask, he never made that clarification to the trial court. The objection was made as counsel was adding verbiage to his question from which it appeared that he might again be asking the improper question of whether Appellant knew that he had hit a person. Indeed, when a member of the venire responded to the question and obtained a clarification of the question, Appellant's trial counsel reverted to the questionable theme that Appellant did not know that he had hit a person. The trial court faced the confusing voir dire environment that the standard of review and the rules of preservation address. In that environment, Appellant apparently wanted the trial court to subtly parse whether

11

defense counsel was asking a proper question or was trying to circle back to the improper commitment question. If Appellant's trial counsel was trying to ask the limited question that Appellant now contends he was trying to ask (that he was not aware that he had an accident), he had the obligation to help the trial court understand how his question embodied that limitation. That clarification was not made for the trial court, and we hold that Appellant has failed to preserve the claim that the trial court abused its discretion by sustaining the objection to the question being propounded when there was no clarification that counsel was not trying to repeat the improper question that he had just asked.[2] We overrule Appellant's sole issue.

## IV. Conclusion

Having overruled Appellant's sole issue, we affirm trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 13, 2020

---

[2]As the quotations from the record show, several bench conferences were held during the defense's voir dire. They were not transcribed, and we do not know what occurred during those conferences. To preserve a complaint, an appellant must obtain a ruling; objections and rulings made during untranscribed bench conferences do not preserve error because we do not know what objections or rulings were made. *See Wilson*, 2018 WL 6215889, at *7.

12