Filed 8/14/14 P. v. West CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHEILA I. WEST,<br><br>        Defendant and Appellant. | A138978<br><br>(Alameda County<br>Super. Ct. No. C170111) |

Sheila I. West appeals after a jury found her guilty of attempted voluntary manslaughter (Pen. Code, §§ 192, subd. (a), 664), [1] possession of a firearm by a felon (§ 29800, subd. (a)(1)), and assault with a firearm (§ 245, subd. (a)(2)). On appeal, she argues the trial court erred in denying her *Wheeler/Batson* motion. (*People v. Wheeler* (1978) 22 Cal.3d 258; *Batson v. Kentucky* (1986) 476 U.S. 79.) We reject this argument, but agree with appellant's contention that sentencing errors require remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant, who had a prior felony conviction, fired several gunshots at a woman during an argument. [2] In an amended information, the district attorney charged appellant in count one with attempted second-degree murder (§§ 664, 187, subd. (a)), with allegations that she personally and intentionally discharged a firearm (§ 12022.53, subd. (d)) and personally inflicted great bodily injury (§ 12022.7); in count two with

---

[1] Undesignated code references are to the Penal Code.

[2] Because the issues raised on appeal deal solely with jury selection and sentencing, the facts of appellant's underlying crimes need not be recited in detail.

1

assault with a firearm (§ 245, subd. (a)(2)) with allegations of personal firearm use (§ 12022.5, subd. (a)) and great bodily injury (12022.7, subd. (a)); and in count three with possession of a firearm by a felon (§ 29800, subd. (a)(1).)[3]

During jury selection, the prosecutor excluded two prospective jurors, F.B. and C.H., who, like appellant, were African-American women. C.H. was a Bay Area native who recently lost her job in the accounting department at a law firm and started taking night classes at a community college. Her significant other was a security guard who owned a gun. She stated she had no feelings about police officers that would affect her ability to be fair.

F.B. was a chemical engineer who was retiring in one week. She had unsuccessfully requested a hardship discharge because she planned to move to Colorado to take care of her parents. Her son was a certified, legal marijuana grower in Colorado. She reported she has neither negative nor positive feelings about police that would affect her ability to be fair. However, as a 15-year-old in New Orleans, she and her brothers were stopped by a police officer as they walked through a white neighborhood. She described herself as having been "traumatized" when the encounter occurred. She reported she has a good friend who is a sheriff's deputy in Colorado whom she had talked to about work a couple of times; another friend is a public defender in Florida whom she rarely had talked to about work. Her houses in Colorado and Oakland had both been burglarized, but she did not report the incident in Oakland because she suspected her son's friend did it and did not think reporting it would "make a difference."

The prosecutor used her fourth peremptory challenge to strike C.H. and her ninth to strike F.B.; thereafter, appellant's counsel made a *Wheeler/Batson* motion.

The trial court did not find the necessary prima facie showing for the motion, and a jury was selected. After the close of trial, the jury found appellant guilty in count one of the lesser included offense of attempted voluntary manslaughter (§§ 192, subd. (a),

---

[3] The information also alleged that appellant had multiple prior felony convictions.

2

664), guilty in counts two and three as charged, and found the weapon and great bodily injury allegations to be true. Appellant was sentenced to a total term of 10 years.[4]

Appellant filed a timely notice of appeal.

## DISCUSSION

### I. *Wheeler/Batson* Claim

The use of peremptory challenges to eliminate prospective jurors based on group bias violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the right of a criminal defendant to a trial drawn from a representative cross-section of the community under article I, section 16 of the California Constitution. (*Batson v. Kentucky, supra,* 476 U.S. at p. 89; *People v. Wheeler, supra,* 22 Cal.3d at pp. 276–277.)

When a party makes a motion challenging a peremptory strike on these grounds, trial courts follow the established, three-part *Wheeler/Batson* test for demonstrating purposeful discrimination: "First, the defendant must make out a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose.' [Citation.] Second, once the defendant has made out a prima facie case, the 'burden shifts to the State to explain adequately the racial exclusion' by offering permissible race-neutral justifications for the strikes. [Citations.] Third, '[i]f a race-neutral explanation is tendered, the trial court must then decide . . . whether the opponent of the strike has proved purposeful racial discrimination.' " (*Johnson v. California* (2005) 545 U.S. 162, 168.)

A defendant satisfies the requirements of the first step of a *Wheeler/Batson* motion "by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." (*Johnson v. California, supra,* 545 U.S. at p. 170.) An inference is a " 'conclusion reached by considering other facts and deducing a logical consequence from them.' " (*Id.* at p. 168, fn. 4.)

---

[4] The court also ordered appellant to pay $3,000 in victim restitution as well as a $241 restitution fine.

In ruling on whether a prima facie showing has been made, trial judges must use their " ' "powers of observation, their understanding of trial techniques, and their broad judicial experience" ' " to consider " 'all circumstances of the case.' " (*People v. Howard* (1992) 1 Cal.4th 1132, 1155.) Since the court observes counsel throughout voir dire and uses such observation as a basis for ruling, its decision is given " 'considerable deference' " on appeal. (*Ibid.*)

We review the trial court's ruling on the prima facie showing for substantial evidence. (*People v. Avila* (2006) 38 Cal.4th 491, 541.) Where a trial court has concluded the defense failed to make out a prima facie case, a reviewing court "should consider the entire record of voir dire of the challenged jurors" to determine whether evidence "support[s] the trial court's ruling." (*People v. Gray* (2005) 37 Cal.4th 168, 186; *People v. Howard, supra,* 1 Cal.4th at p. 1155.) Thus, "if the record 'suggests grounds upon which the prosecutor might reasonably have challenged' the jurors in question, we affirm." (*Howard*, *supra*, at p. 1155.)

It is not disputed that both prospective jurors were African-American women, a cognizable group under *Wheeler*. (*People v. Bell* (2007) 40 Cal.4th 582, 597.) When appellant's counsel made the motion, he argued there were very few African-Americans on the panel and the prosecutor removed C.H. and F.B. without a sufficient basis. The court noted that there were still two other African-American women on the panel and only two out of the prosecutor's nine peremptory challenges were used against African-American women. The court recalled the other seven peremptory challenges were against three white males, one person of Indian descent, two white females, and one Asian male.

When appellant's counsel made the *Wheeler/Batson* motion after the prosecutor struck F.B., the court conceded it did not recall "anything remarkable one way or another" about C.H. Although it ultimately concluded there had been no prima facie showing, the court allowed the prosecutor to make a record under *People v. Gray, supra,* 87 Cal.App.4th 781. The prosecutor said she would restrict herself to matters not appearing on the record and stated that C.H. was wearing a "very revealing" tank top

although the weather was cold.  The prosecutor stated this was "not proper" attire for a courtroom.

A juror may reasonably be dismissed for wearing inappropriate clothing.  (See, e.g., *People v. Ayala* (2000) 24 Cal.4th 243, 265 ["idiosyncratic dress and demeanor" may justify peremptory challenges]; *People v. Wheeler, supra*, 22 Cal.3d at p. 275 [a juror's clothes or hair length may justify a peremptory challenge].)  This is a race-neutral ground for the prosecutor's decision to strike C.H.

The court enumerated many race-neutral reasons for the prosecutor's decision to exercise a peremptory challenge against F.B.  The first was F.B.'s past experience with the New Orleans police that left her "traumatized."  The court could recall no other remaining juror on the panel who had had a similar experience.  Appellant argues that excusing a prospective juror because she was a victim of racial discrimination is itself a form of discrimination.  However, appellant cites no authority for that proposition. " '[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " *(People v. Wilkinson* (2004) 33 Cal.4th 821, 846, fn. 9.) We treat this argument as waived.  Appellant also contends that F.B.'s bad experience with the police was 30 years old and it occurred in New Orleans—not Oakland.  Even though the event occurred three decades prior, the prosecutor may reasonably have been concerned that this encounter, which was more negative than any other juror's experience, would subtly bias F.B. against any police testimony.  In a case such as this one, where police testimony played a role, F.B.'s experience in New Orleans could provide substantial evidence supporting the trial court's ruling.

The court also recalled that F.B.'s son farms and sells marijuana.  Further, the court noted that F.B. had failed to report a burglary of her home in Oakland, creating reasonable concern because "someone who's upholding the law would want somebody to be prosecuted" in such a situation.  This provides additional race-neutral evidence

supporting the trial court's ruling. Based on its observations[5] and experience, the court reiterated no prima facie case had been made. We agree with respondent: the record of voir dire and the court's elaboration of possible reasons support the finding that there was an insufficient showing to raise an inference of discrimination with regard to F.B.[6]

As respondent argues, "[g]iven that the challenge to F.B. was reasonable in light of the record, appellant's *Wheeler* motion lost much of its force." (See *People v. Mai* (2013) 57 Cal.4th 986, 1076 (conc. opn. of Liu, J.) [noting the significance of the pattern of the prosecutor's decision to strike three black jurors was diminished by fact that the prosecutor gave credible reasons for striking two out of three].) We agree: since there were many race-neutral reasons to strike F.B. on the record, we are inclined to trust the prosecutor's reason for striking C.H. due to inappropriate dress.

Appellant argues against each of the proffered reasons given by the trial court for not finding a prima facie case. However, each reason does not exist in a vacuum. When considered together, they constitute substantial evidence justifying the trial court's ruling. (See, e.g., *People v. Jones* (2013) 57 Cal.4th 899, 918 [holding that "the persuasive power" of all of the prosecutor's reasons for exclusion has a greater force than the appellant's individual reasons against each].)

## II. Sentencing Errors

Appellant argues and respondent agrees that the trial court committed sentencing errors as to counts two and three.

When sentencing appellant to count two, assault with a firearm (§ 245, subd. (a)(2)), the court stated, "The [firearm] use clause is § 12022.5(a), and I picked the middle term of four years, and then I forgot to mention, count two is found on the

---

[5] The court engaged in a comparative analysis regarding whether any jurors remained on the panel who had had similar experiences to F.B. and concluded there was none. The court added, "My test is always . . . if this were a white person, would I still excuse them?"

[6] Additionally, respondent sets out another race-neutral reason to excuse F.B. in its briefing: she had requested a hardship discharge to leave and care for her parents; the prosecutor may have worried F.B. would not be focused on the case.

[section] 245 because of [section] 654 [requiring that a convicted defendant not be punished for the same act under more than one provision of the Penal Code], that can't be opposed. So that's just surplusage." From this explanation, it appears that the court stayed the execution of count two. This is a sentencing error because the court failed to first pronounce sentence before staying the execution of it. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327.)

In count three, possession of firearm by a felon (§ 29800), the court failed to select the lower, middle, or upper term and failed to specify the term imposed. (§ 1170, subd. (b).) The court stated, "The 8 months that she would be liable for on the 12021, I'm going to run that concurrent." The court appeared to intend to impose a concurrent term of eight months (apparently based on one third of the middle term of two years). However, the rule requiring a sentence of one third of the middle term applies to sentences *consecutive*, rather than concurrent, to the principal term. (§ 1170.1, subd. (a).) "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula, even though they are served at the same time." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.)

## DISPOSITION

We remand for resentencing on count two so the court may impose the sentence and then stay it.  We also remand for resentencing on count three so the court may impose a full low, middle, or upper term as a concurrent term.  In all other respects, we affirm.

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.

8